**INJURY LAW PARTNERS**
BY: DAVID J. LANGSAM/BENJAMIN J. BAER/
ROBERT G. DEVINE, JR.
IDENTIFICATION NOS. 308764/205779/327833          ATTORNEYS FOR PLAINTIFFS
1628 JFK BOULEVARD, SUITE 1302
PHILADELPHIA, PA 19103
(215) 402-5900

| | |
|---|---|
| **JODI LYNN PARKS, Individually and as Administratrix of the ESTATE OF KODEY LEE PARKS, DECEASED**<br>101 Triangle Lane, PO Box 117<br>Drifting, PA 16834<br><br>*Plaintiff*<br><br>v.<br><br>**RK HOLDINGS, LLP**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>And<br>**RURAL KING HOLDINGS, LLP**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>And<br>**RURAL KING**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>And<br>**RURAL KING SUPPLY**<br>260 Plaza Drive<br>Clearfield, PA 16830<br>And<br>**RK TRACTORS, LLC**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>And<br>**RK TALENT**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>And<br>**RK GUNS**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>And | **CLEARFIELD COUNTY COURT OF COMMON PLEAS LAW DIVISION**<br><br><br>**FEBRUARY TERM, 2026**<br>**NO.:** 2026-279-CD<br><br><br>**JURY TRIAL DEMANDED**<br><br><br><br><br><br>*I hereby certify this to be a true and attested copy of the original statement filed in this case*<br><br>FEB 20 2026<br><br>A TRUE COPY.<br>ATTEST: _____<br>PROTHONOTARY-CLERK |

EXHIBIT A

**RK INTERNET, LLC**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**RURAL KING REALTY, LLC**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**RK REAL ESTATE & DEVELOPMENT**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**CLEARFIELD RURAL KING SUPPLY, INC.**
260 Plaza Drive
Clearfield, PA 16830
    And
**RURAL KING GUNS – CLEARFIELD**
260 Plaza Drive
Clearfield, PA 16830
    And
**RURAL KING ADMINISTRATION, INC.**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**RURAL KING FARM AND HOME STORE**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**RURAL KING C, INC.**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**KEL-TEC CNC INDUSTRIES INC.**
1505 Cox Road
Cocoa, FL 32926
    And
**KEL-TEC CNC INC.**
1505 Cox Road
Cocoa, FL 32926
    And
**KELTEC**
1505 Cox Road
Cocoa, FL 32926
    And

**DANIELLE PARKS**

Inmate Number PE8203
State Correctional Institution (SCI) Muncy
6454 State Road 405
Muncy, PA 17756
And
**BRYAN MICHAELIS**
Inmate Number QR1631
State Correctional Institution (SCI) Fayette
50 Overlook Drive
La Belle, PA 15450

*Defendants.*

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly issue a Writ of Summons in the above captioned civil action.

INJURY LAW PARTNERS

ROBERT G. DEVINE, JR.
DAVID J. LANGSAM
BENJAMIN J. BAER
Attorneys for Plaintiffs

Dated: 02/19/2026

**INJURY LAW PARTNERS**
BY: DAVID J. LANGSAM/BENJAMIN J. BAER/
ROBERT G. DEVINE, JR.
IDENTIFICATION NOS. 308764/205779/327833          ATTORNEYS FOR PLAINTIFFS
1628 JFK BOULEVARD, SUITE 1302
PHILADELPHIA, PA  19103
(215) 402-5900

| | |
|---|---|
| **JODI LYNN PARKS, Individually and as Administratrix of the ESTATE OF KODEY LEE PARKS, DECEASED**<br>101 Triangle Lane, PO Box 117<br>Drifting, PA 16834<br>*Plaintiff*<br><br>v.<br><br>**RK HOLDINGS, LLP**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>  And<br>**RURAL KING HOLDINGS, LLP**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>  And<br>**RURAL KING**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>  And<br>**RURAL KING SUPPLY**<br>260 Plaza Drive<br>Clearfield, PA 16830<br>  And<br>**RK TRACTORS, LLC**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>  And<br>**RK TALENT**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>  And<br>**RK GUNS**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>  And<br>**RK INTERNET, LLC** | **CLEARFIELD COUNTY COURT OF COMMON PLEAS LAW DIVISION**<br><br><br>**FEBRUARY TERM, 2026**<br>**NO.:**<br><br><br><br>**JURY TRIAL DEMANDED** |

4216 Dewitt Avenue
Mattoon, IL 61938
    And
**RURAL KING REALTY, LLC**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**RK REAL ESTATE & DEVELOPMENT**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**CLEARFIELD RURAL KING SUPPLY, INC.**
260 Plaza Drive
Clearfield, PA 16830
    And
**RURAL KING GUNS – CLEARFIELD**
260 Plaza Drive
Clearfield, PA 16830
    And
**RURAL KING ADMINISTRATION, INC.**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**RURAL KING FARM AND HOME STORE**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**RURAL KING C, INC.**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**KEL-TEC CNC INDUSTRIES INC.**
1505 Cox Road
Cocoa, FL 32926
    And
**KEL-TEC CNC INC.**
1505 Cox Road
Cocoa, FL 32926
    And
**KELTEC**
1505 Cox Road
Cocoa, FL 32926
    And
**DANIELLE PARKS**
Inmate Number PE8203
State Correctional Institution (SCI) Muncy

6454 State Road 405
Muncy, PA 17756
   And
**BRYAN MICHAELIS**
Inmate Number QR1631
State Correctional Institution (SCI) Fayette
50 Overlook Drive
La Belle, PA 15450

           *Defendants.*

TO:   RK HOLDINGS, LLP;
       RURAL KING HOLDINGS, LLP;
       RURAL KING;
       RURAL KING SUPPLY;
       RK TRACTORS, LLC;
       RK TALENT;
       RK GUNS;
       RK INTERNET, LLC
       RURAL KING REALTY, LLC
       RK REAL ESTATE & DEVELOPMENT;
       CLEARFIELD RURAL KING SUPPLY, INC.;
       RURAL KING GUNS - CLEARFIELD;
       RURAL KING ADMINISTRATION, INC.;
       RURAL KING FARM AND HOME STORE
       RURAL KING C., INC.;
       KEL-TEC CNC INDUSTRIES, INC.;
       KEL-TEC CNC, INC.;
       KELTEC;
       DANIELLE PARKS;
       BRYAN MICHAELIS

## WRIT OF SUMMONS

You are notified that the Plaintiff listed above has commenced an action against you.

*Usted esta avidado que el demandante ha iniciado una acción en contra suya.*

                        PROTHONOTARY

By: _____

Date:     FEB 2 0 2026

# Court of Common Pleas

# Clearfield County

FEBRUARY TERM, 2026

No. _____

JODI LYNN PARKS, Individually and as Administratrix of the
ESTATE OF KODEY LEE PARKS, DECEASED
*Plaintiffs*
vs.

RK HOLDINGS, LLP, ET AL

*Defendants*

# SUMMONS

# SHERIFF'S OFFICE OF CLEARFIELD COUNTY

**Chester A. Hawkins**
*Sheriff*

**Peter F Smith**
*Solicitor*

**Nicole Fletcher**
*Clerk*

---

JODI LYNN PARKS, individually and as Administratrix of the Esate of Kodey Lee Parks
vs.
RK HOLDINGS, LLP (et al.)

**Case Number**
2026-279-CD

## SHERIFF'S RETURN OF SERVICE

02/25/2026    10:56 AM - Deputy Ed Blakely, being duly sworn according to law, deposes and says, the Writ of Summons (WOSM) was served upon RURAL KING SUPPLY at 260 PLAZA DRIVE, CLEARFIELD, PA 16830 by handing a true and attested copy to a MARIAN QUEEN, SALES ASSOCIATE, adult-in-charge at time of service, and made known the contents thereof.

02/25/2026    10:56 AM - Deputy Ed Blakely, being duly sworn according to law, deposes and says, the Writ of Summons (WOSM) was served upon RURAL KING GUNS at 260 PLAZA DRIVE, CLEARFIELD, PA 16830 by handing a true and attested copy to a MARIAN QUEEN, SALES ASSOCIATE, adult-in-charge at time of service, and made known the contents thereof.

SHERIFF COST: $100.00

SO ANSWERS,

February 26, 2026

CHESTER A. HAWKINS, SHERIFF

## COSTS

| DATE | CATEGORY | MEMO | CHK # | DEBIT | CREDIT |
|------|----------|------|-------|-------|--------|
| 02/23/2026 | Advance Fee | Advance Fee | 1360 | $0.00 | $590.00 |
| 02/23/2026 | RDR | | | $9.00 | $0.00 |
| 02/26/2026 | Service | | | $9.00 | $0.00 |
| 02/26/2026 | Service (Additional Defendant) | | | $6.00 | $0.00 |
| 02/26/2026 | Surcharge | | | $40.00 | $0.00 |
| 02/26/2026 | Mileage | | | $36.00 | $0.00 |
| 02/26/2026 | Refund | | | $490.00 | $0.00 |
| | | | | $590.00 | $590.00 |

**BALANCE:** $0.00

**FILED**
0/ 27/2:36
FEB 26 2026
NO CC
**BRIAN K. SPENCER**
**PROTHONOTARY & CLERK OF COURTS**

*Plaintiff Attorney: INJURY LAW PARTNERS, 1628 JOHN F. KENNEDY BLVD STE 1302, PHILADELPHIA, PA 19103*

(c) CountySuite Sheriff, Teleosoft, Inc

IN THE COURT OF COMMON PLEAS OF CLEARFIELD COUNTY, PENNSYLVANIA

JODI LYNN PARKS,                        )
                                        )    No. 2026-279-CO
                Plaintiff,              )
                                        )
v.                                      )    **PRAECIPE FOR RULE TO FILE A**
                                        )    **COMPLAINT**
RK HOLDINGS, LLP, *et al.*,             )
                                        )
                Defendants.             )    Filed on Behalf of Defendants:
                                        )    RK Holdings, LLP, Rural King Holdings,
                                        )    LLP, Rural King, Rural King Supply,
                                        )    RK Tractors, LLC, RK Talent, RK Guns,
                                        )    RK Internet, LLC, Rural King Realty, LLC,
                                        )    RK Real Estate & Development, Clearfield
                                        )    Rural King Supply, Inc., Rural King Guns –
                                        )    Clearfield, Rural King Administration, Inc.,
                                        )    Rural King Farm and Home Store and Rural
                                        )    King C, Inc.
                                        )
                                        )    Counsel of Record:
                                        )
                                        )    Kevin C. Harkins
                                        )    PA ID No. 59915
                                        )
                                        )    FBT GIBBONS, LLP
                                        )    Union Trust Building
                                        )    501 Grant Street, Suite 800
                                        )    Pittsburgh, PA 15219
                                        )
                                        )    Phone: 412.513.4300
                                        )    Fax:   412.513.4299
                                        )
                                        )    Email: kharkins@fbtgibbons.com

COPY

I hereby certify this to be a true
and attested copy of the original
statement filed in this case

MAR 1 2 2026

A TRUE COPY
ATTEST: _____
PROTHONOTARY-CLERK

IN THE COURT OF COMMON PLEAS OF CLEARFIELD COUNTY, PENNSYLVANIA

JODI LYNN PARKS,                          )
                                          )  No. 2026-279-CO
                    Plaintiff,            )
                                          )
v.                                        )
                                          )
RK HOLDINGS, LLP, *et al.*,               )
                                          )
                    Defendants.           )

## PRAECIPE FOR RULE TO FILE A COMPLAINT

TO THE PROTHONOTARY:

Issue rule on Plaintiff, Jodi Lynn Parks, to file a Complaint in the above-captioned case within twenty (20) days after service of the rule or the Prothonotary, upon praecipe, shall enter a judgment of non pros.

Respectfully submitted,

Date: March 11, 2026

Kevin C. Harkins
PA ID No. 59915

FBT GIBBONS LLP
Union Trust Building
501 Grant Street, Suite 800
Pittsburgh, PA 15219
Telephone:    (412) 513-4300
Facsimile:    (412) 513-4299
E-mail:       kharkins@fbtgibbons.com

*Counsel for Defendants,*
*RK Holdings, LLP, Rural King Holdings, LLP, Rural King, Rural King Supply, RK Tractors, LLC, RK Talent, RK Guns, RK Internet, LLC, Rural King Realty, LLC, RK Real Estate & Development, Clearfield Rural King Supply, Inc., Rural King Guns – Clearfield, Rural King Administration, Inc., Rural King Farm and Home Store and Rural King C, Inc.*

1

IN THE COURT OF COMMON PLEAS OF CLEARFIELD COUNTY, PENNSYLVANIA

JODI LYNN PARKS,                              )
                                             )    No. 2026-279-CO
                    Plaintiff,               )
                                             )
v.                                           )
                                             )
RK HOLDINGS, LLP, *et al.*,                  )
                                             )
                    Defendants.              )

## **RULE**

AND NOW, THIS ____12th____ DAY OF ____March____, 2026, RULE

ISSUED AS ABOVE.

_____

Prothonotary

By: _____

Deputy

2

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:    Defendants, RK Holdings, LLP, Rural King Holdings, LLP, Rural King, Rural King Supply, RK Tractors, LLC, RK Talent, RK Guns, RK Internet, LLC, Rural King Realty, LLC, RK Real Estate & Development, Clearfield Rural King Supply, Inc., Rural King Guns – Clearfield, Rural King Administration, Inc., Rural King Farm and Home Store and Rural King C, Inc.

Signature:

Name:    Kevin C. Harkins

Attorney No. (if applicable): 59915

## CERTIFICATE OF SERVICE

I hereby certify that on this, this 11th day of March, 2026, a true and correct copy of the foregoing *PRAECIPE FOR RULE TO FILE COMPLAINT* was served by email and first-class mail upon the following:

David J. Langsam, Esq.
Benjamin J. Baer, Esq.
and  Robert G. Devine, Jr., Esq.
Injury Law Partners
1628 JFK Boulevard, Suite 1302
Philadelphia, PA 19103

*Counsel for Plaintiffs*

Kel-Tec CNC Industries Inc.
1505 Cox Road
Cocoa, FL 32926

Kel-Tec CNC Inc.
1505 Cox Road
Cocoa, FL 32926

KelTec
1505 Cox Road
Cocoa, FL 32926

Danielle Parks
Inmate Number PE8203
State Correctional Institution Muncy
6454 State Road 405
Muncy, PA 17756

Bryan Michaelis
Inmate Number QR1631
State Correctional Institution Fayette
50 Overlook Drive
La Belle, PA 15450

Kevin C. Harkins

## IN COURT OF COMMON PLEAS OF CLEARFIELD, COUNTY
### **CIVIL** DIVISION


### **REISSUED SUMMONS**


Jodi Lynn Parks, Individually and as
Administratrix of the Estate of Kodey
Lee Parks, Deceased
     Plaintiff(s)

  VS                                   NO: 2026-0279-CD

RK Holdings, LLP, Rural King Holdings, LLP
Rural King, Rural King Supply, RK Tractors, LLC
RK Talent, RK Guns, RK Internet, LLC
Rural King Realty, LLC, RK Real Estate & Development
Clearfield Rural King Supply, Inc, Rural King Guns – Clearfield
Rural King Administration, Inc., Rural King Farm and Home Store
Rural King C, Inc., Kel-Tec CNC Industries Inc.
Kel-Tec CNC Inc., KelTec, Danielle Parks, Bryan Michaelis
     Defendant(s)


TO: Clearfield Rural King Supply  Inc:

You are hereby notified that the above-named Plaintiff(s) has/have commenced a Civil Action
against you.

March 23, 2026

                                _____
                                Brian K Spencer
                                Prothonotary


Issuing Attorney:
**Robert G Devine Jr**
Injury Law Partners
1628 JFK Boulevard, Suite 1302
Philadelphia, PA 19103

I hereby certify this to be a true
and attested copy of the original
statement filed in this case

MAR 23 2026

A TRUE COPY.
ATTEST: _____
PROTHONOTARY-CLERK

**INJURY LAW PARTNERS**
BY: DAVID J. LANGSAM/BENJAMIN J. BAER/
ROBERT G. DEVINE, JR.
IDENTIFICATION NOS. 308764/205779/327833
1628 JFK BOULEVARD, SUITE 1302
PHILADELPHIA, PA  19103
(215) 402-5900

ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| **JODI LYNN PARKS, Individually and as Administratrix of the ESTATE OF KODEY LEE PARKS, DECEASED**<br><br>*Plaintiff*<br><br>v.<br><br>**RK HOLDINGS, LLP, RURAL KING HOLDINGS, LLP, RURAL KING, RURAL KING SUPPLY, RK TRACTORS, LLC, RK TALENT, RK GUNS, RK INTERNET, LLC, RURAL KING REALTY, LLC, RK REAL ESTATE & DEVELOPMENT, CLEARFIELD RURAL KING SUPPLY, INC., RURAL KING GUNS – CLEARFIELD, RURAL KING ADMINISTRATION, INC., RURAL KING FARM AND HOME STORE, RURAL KING C, INC., KEL-TEC CNC INDUSTRIES INC., KEL-TEC CNC INC., KELTEC, DANIELLE PARKS and BRYAN MICHAELIS**<br><br>*Defendants.* | **CLEARFIELD COUNTY COURT OF COMMON PLEAS LAW DIVISION**<br><br><br>**NO.: 2026-279-CD**<br><br><br><br>**JURY TRIAL DEMANDED** |

**PRAECIPE TO REINSTATE WRIT OF SUMMONS**

TO THE PROTHONOTARY:

    Kindly reinstate the Plaintiff's Writ of Summons in the above-captioned matter.

                    **INJURY LAW PARTNERS**


                    _____
                    ROBERT G. DEVINE, JR., ESQUIRE
                    Attorneys for Plaintiff

Date:03/16/2025

**INJURY LAW PARTNERS**
BY: DAVID J. LANGSAM/BENJAMIN J. BAER/
ROBERT G. DEVINE, JR.
IDENTIFICATION NOS. 308764/205779/327833
1628 JFK BOULEVARD, SUITE 1302
PHILADELPHIA, PA  19103
(215) 402-5900

MAR 2 3 2026
_____ Document
Reinstated/~~Released~~ to Sheriff/~~Attorney~~
for service.
Deputy Prothonotary

ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| **JODI LYNN PARKS, Individually and as Administratrix of the ESTATE OF KODEY LEE PARKS, DECEASED**<br>101 Triangle Lane, PO Box 117<br>Drifting, PA 16834<br><br>*Plaintiff*<br><br>v.<br><br>**RK HOLDINGS, LLP**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>    And<br>**RURAL KING HOLDINGS, LLP**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>    And<br>**RURAL KING**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>    And<br>**RURAL KING SUPPLY**<br>260 Plaza Drive<br>Clearfield, PA 16830<br>    And<br>**RK TRACTORS, LLC**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>    And<br>**RK TALENT**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>    And<br>**RK GUNS**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>    And | **CLEARFIELD COUNTY**<br>**COURT OF COMMON PLEAS**<br>**LAW DIVISION**<br><br><br>**FEBRUARY TERM, 2026**<br>NO.:  2026-279-CD<br><br><br><br>**JURY TRIAL DEMANDED**<br><br><br><br>I hereby certify this to be a true and attested copy of the original statement filed in this case<br><br>FEB 20 2026<br><br>A TRUE COPY<br>ATTEST: _____ PROTHONOTARY-CLERK |

**RK INTERNET, LLC**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**RURAL KING REALTY, LLC**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**RK REAL ESTATE & DEVELOPMENT**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**CLEARFIELD RURAL KING SUPPLY, INC.**
260 Plaza Drive
Clearfield, PA 16830
    And
**RURAL KING GUNS – CLEARFIELD**
260 Plaza Drive
Clearfield, PA 16830
    And
**RURAL KING ADMINISTRATION, INC.**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**RURAL KING FARM AND HOME STORE**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**RURAL KING C, INC.**
4216 Dewitt Avenue
Mattoon, IL 61938
    And
**KEL-TEC CNC INDUSTRIES INC.**
1505 Cox Road
Cocoa, FL 32926
    And
**KEL-TEC CNC INC.**
1505 Cox Road
Cocoa, FL 32926
    And
**KELTEC**
1505 Cox Road
Cocoa, FL 32926
    And

**DANIELLE PARKS**

Inmate Number PE8203
State Correctional Institution (SCI) Muncy
6454 State Road 405
Muncy, PA 17756
　And
**BRYAN MICHAELIS**
Inmate Number QR1631
State Correctional Institution (SCI) Fayette
50 Overlook Drive
La Belle, PA 15450

*Defendants.*

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly issue a Writ of Summons in the above captioned civil action.

INJURY LAW PARTNERS

ROBERT G. DEVINE, JR.
DAVID J. LANGSAM
BENJAMIN J. BAER
Attorneys for Plaintiffs

Dated: 02/19/2026

**INJURY LAW PARTNERS**
BY: DAVID J. LANGSAM/BENJAMIN J. BAER/
ROBERT G. DEVINE, JR.
IDENTIFICATION NOS. 308764/205779/327833
1628 JFK BOULEVARD, SUITE 1302
PHILADELPHIA, PA  19103
(215) 402-5900

ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| **JODI LYNN PARKS, Individually and as Administratrix of the ESTATE OF KODEY LEE PARKS, DECEASED** <br> 101 Triangle Lane, PO Box 117 <br> Drifting, PA 16834 <br> *Plaintiff* <br><br> v. <br><br> **RK HOLDINGS, LLP** <br> 4216 Dewitt Avenue <br> Mattoon, IL 61938 <br>    And <br> **RURAL KING HOLDINGS, LLP** <br> 4216 Dewitt Avenue <br> Mattoon, IL 61938 <br>    And <br> **RURAL KING** <br> 4216 Dewitt Avenue <br> Mattoon, IL 61938 <br>    And <br> **RURAL KING SUPPLY** <br> 260 Plaza Drive <br> Clearfield, PA 16830 <br>    And <br> **RK TRACTORS, LLC** <br> 4216 Dewitt Avenue <br> Mattoon, IL 61938 <br>    And <br> **RK TALENT** <br> 4216 Dewitt Avenue <br> Mattoon, IL 61938 <br>    And <br> **RK GUNS** <br> 4216 Dewitt Avenue <br> Mattoon, IL 61938 <br>    And <br> **RK INTERNET, LLC** | **CLEARFIELD COUNTY COURT OF COMMON PLEAS LAW DIVISION** <br><br><br> **FEBRUARY TERM, 2026** <br> **NO.:** <br><br><br> **JURY TRIAL DEMANDED** |

4216 Dewitt Avenue
Mattoon, IL 61938
   And
**RURAL KING REALTY, LLC**
4216 Dewitt Avenue
Mattoon, IL 61938
   And
**RK REAL ESTATE & DEVELOPMENT**
4216 Dewitt Avenue
Mattoon, IL 61938
   And
**CLEARFIELD RURAL KING SUPPLY, INC.**
260 Plaza Drive
Clearfield, PA 16830
   And
**RURAL KING GUNS – CLEARFIELD**
260 Plaza Drive
Clearfield, PA 16830
   And
**RURAL KING ADMINISTRATION, INC.**
4216 Dewitt Avenue
Mattoon, IL 61938
   And
**RURAL KING FARM AND HOME STORE**
4216 Dewitt Avenue
Mattoon, IL 61938
   And
**RURAL KING C, INC.**
4216 Dewitt Avenue
Mattoon, IL 61938
   And
**KEL-TEC CNC INDUSTRIES INC.**
1505 Cox Road
Cocoa, FL 32926
   And
**KEL-TEC CNC INC.**
1505 Cox Road
Cocoa, FL 32926
   And
**KELTEC**
1505 Cox Road
Cocoa, FL 32926
   And
**DANIELLE PARKS**
Inmate Number PE8203
State Correctional Institution (SCI) Muncy

6454 State Road 405
Muncy, PA 17756
 And
**BRYAN MICHAELIS**
Inmate Number QR1631
State Correctional Institution (SCI) Fayette
50 Overlook Drive
La Belle, PA 15450

_Defendants._

**TO:**  RK HOLDINGS, LLP;
RURAL KING HOLDINGS, LLP;
RURAL KING;
RURAL KING SUPPLY;
RK TRACTORS, LLC;
RK TALENT;
RK GUNS;
RK INTERNET, LLC
RURAL KING REALTY, LLC
RK REAL ESTATE & DEVELOPMENT;
CLEARFIELD RURAL KING SUPPLY, INC.;
RURAL KING GUNS - CLEARFIELD;
RURAL KING ADMINISTRATION, INC.;
RURAL KING FARM AND HOME STORE
RURAL KING C., INC.;
KEL-TEC CNC INDUSTRIES, INC.;
KEL-TEC CNC, INC.;
KELTEC;
DANIELLE PARKS;
BRYAN MICHAELIS

## WRIT OF SUMMONS

You are notified that the Plaintiff listed above has commenced an action against you.

_Usted esta avidado que el demandante ha iniciado una acción en contra suya._

PROTHONOTARY

By: _____

Date: ____FEB 2 0 2026____

# Court of Common Pleas

# Clearfield County

FEBRUARY TERM, 2026

No. _____

JODI LYNN PARKS, Individually and as Administratrix of the
ESTATE OF KODEY LEE PARKS, DECEASED
*Plaintiffs*
vs.

RK HOLDINGS, LLP, ET AL

*Defendants*

# SUMMONS

## CERTIFICATE OF SERVICE

This is to certify that, on this date, a true and correct copy of the Praecipe to Reinstate Writ

of Summons was served via regular mail on all unrepresented parties and via electronic mail on

counsel for Defendants:

Kevin C. Harkins
FBT Gibbons, LLP
Union Trust Building
501 Grant Street, Suite 800
Pittsburgh, PA 15219
kharkins@fbtgibbons.com
*COUNSEL FOR RK HOLDINGS, LLP, RURAL KING HOLDINGS, LLP, RURAL KING,
RURAL KING SUPPLY, RK TRACTORS, LLC, RK TALEN, RK GUNS, RK INTERNET,
LLC, RURAL KING REALTY, LLC, RK REAL ESTATE & DEVELOPMENT,
CLEARFIELD RURAL KING SUPPLY, INC., RURAL KING GUNS - CLEARFIELD,
RURAL KING ADMINISTRATION, INC., RURAL KING FARM AND HOME STORE AND
RURAL KING C. INC.*

INJURY LAW PARTNERS

ROBERT G. DEVINE, JR.
Attorneys for Plaintiffs

Date: 03/16/2026

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Plaintiff

Signature: _____

Name: Robert G. Devine, Jr.

Attorney No. (if applicable): 327833



**FILED**

m|12:17|mp

**COURT OF COMMON PLEAS OF CLEARFIELD COUNTY**    MAR 26 2026

1 cc Atty Devine

**PENNSYLVANIA**    **BRIAN K. SPENCER**
PROTHONOTARY & CLERK OF COURTS

| | |
|---|---|
| **JODI LYNN PARKS, Individually and as Administratrix of the ESTATE OF KODEY LEE PARKS, DECEASED**<br>101 Triangle Lane, PO Box 117<br>Drifting, PA 16834<br><br>*Plaintiff*<br><br>v.<br><br>**RK HOLDINGS, LLP**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>And<br>**RURAL KING HOLDINGS, LLP**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>And<br>**RURAL KING**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>And<br>**RURAL KING SUPPLY**<br>260 Plaza Drive<br>Clearfield, PA 16830<br>And<br>**RK TRACTORS, LLC**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>And<br>**RK TALENT**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>And<br>**RK GUNS**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>And<br>**RK INTERNET, LLC**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>And | **CIVIL ACTION**<br><br>**NO.: 2026-279-CO**<br><br><br>**TYPE OF CASE:**<br><br>**TYPE OF PLEADING: COMPLAINT**<br><br><br>**FILED ON BEHALF OF:**<br><br>**PLAINTIFF**<br><br><br>**JURY TRIAL DEMANDED**<br><br><br>ROBERT G. DEVINE, JR., ESQUIRE<br>(Filed by)<br><br>Injury Law Partners<br>1628 JFK Blvd., Suite 1302<br>Philadelphia, PA 19103<br>(Address)<br><br>215-402-5900<br>Phone<br><br><br>_____<br>Signature |

| | |
|---|---|
| **RURAL KING REALTY, LLC**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>   And<br>**RK REAL ESTATE & DEVELOPMENT**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>   And<br>**CLEARFIELD RURAL KING SUPPLY, INC.**<br>260 Plaza Drive<br>Clearfield, PA 16830<br>   And<br>**RURAL KING GUNS – CLEARFIELD**<br>260 Plaza Drive<br>Clearfield, PA 16830<br>   And<br>**RURAL KING ADMINISTRATION, INC.**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>   And<br>**RURAL KING FARM AND HOME STORE**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>   And<br>**RURAL KING C, INC.**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>   And<br>**KEL-TEC CNC INDUSTRIES INC.**<br>1505 Cox Road<br>Cocoa, FL 32926<br>   And<br>**KEL-TEC CNC INC.**<br>1505 Cox Road<br>Cocoa, FL 32926<br>   And<br>**KELTEC**<br>1505 Cox Road<br>Cocoa, FL 32926<br>   And<br>**DANIELLE PARKS**<br>Inmate Number PE8203<br>State Correctional Institution (SCI) Muncy<br>6454 State Road 405 | |

| | |
|---|---|
| Muncy, PA 17756<br>  And<br>**BRYAN MICHAELIS**<br>Inmate Number QR1631<br>State Correctional Institution (SCI) Fayette<br>50 Overlook Drive<br>La Belle, PA 15450<br>  And<br>**JOHN DOE 1**<br>  And<br>**JOHN DOE 2**<br>  And<br>**JOHN DOE 3**<br>  And<br>**JOHN DOE 4**<br>                    *Defendants.* | |

**INJURY LAW PARTNERS**                    ATTORNEYS FOR PLAINTIFF
BY: BENJAMIN J. BAER/DAVID J. LANGSAM/
ROBERT G. DEVINE, JR.
IDENTIFICATION NOS. 205779/308764/327833
1628 JFK BOULEVARD, SUITE 1302
PHILADELPHIA, PA 19103
(215) 402-5900

| | |
|---|---|
| **JODI LYNN PARKS, Individually and as Administratrix of the ESTATE OF KODEY LEE PARKS, DECEASED**<br>101 Triangle Lane, PO Box 117<br>Drifting, PA 16834<br><br>*Plaintiff*<br><br>v.<br><br>**RK HOLDINGS, LLP**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>    And<br>**RURAL KING HOLDINGS, LLP**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>    And<br>**RURAL KING**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>    And<br>**RURAL KING SUPPLY**<br>260 Plaza Drive<br>Clearfield, PA 16830<br>    And<br>**RK TRACTORS, LLC**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>    And<br>**RK TALENT**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>    And<br>**RK GUNS**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>    And | **CLEARFIELD COUNTY COURT OF COMMON PLEAS LAW DIVISION**<br><br><br>**FEBRUARY TERM, 2026**<br><br>**NO.: 2026-279-CO**<br><br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| **RK INTERNET, LLC**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>  And<br>**RURAL KING REALTY, LLC**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>  And<br>**RK REAL ESTATE & DEVELOPMENT**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>  And<br>**CLEARFIELD RURAL KING SUPPLY, INC.**<br>260 Plaza Drive<br>Clearfield, PA 16830<br>  And<br>**RURAL KING GUNS – CLEARFIELD**<br>260 Plaza Drive<br>Clearfield, PA 16830<br>  And<br>**RURAL KING ADMINISTRATION, INC.**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>  And<br>**RURAL KING FARM AND HOME STORE**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>  And<br>**RURAL KING C, INC.**<br>4216 Dewitt Avenue<br>Mattoon, IL 61938<br>  And<br>**KEL-TEC CNC INDUSTRIES INC.**<br>1505 Cox Road<br>Cocoa, FL 32926<br>  And<br>**KEL-TEC CNC INC.**<br>1505 Cox Road<br>Cocoa, FL 32926<br>  And<br>**KELTEC**<br>1505 Cox Road<br>Cocoa, FL 32926<br>  And | |

| | |
|---|---|
| **DANIELLE PARKS**<br>Inmate Number PE8203<br>State Correctional Institution (SCI) Muncy<br>6454 State Road 405<br>Muncy, PA 17756<br>    And<br>**BRYAN MICHAELIS**<br>Inmate Number QR1631<br>State Correctional Institution (SCI) Fayette<br>50 Overlook Drive<br>La Belle, PA 15450<br>    And<br>**JOHN DOE 1**<br>    And<br>**JOHN DOE 2**<br>    And<br>**JOHN DOE 3**<br>    And<br>**JOHN DOE 4**<br>                    *Defendants.* | |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

COURT ADMINISTRATOR<br>
Clearfield County Courthouse<br>
230 East Market Street<br>
Clearfield, PA 16830<br>
(814) 765-2641

## CIVIL ACTION COMPLAINT

Plaintiff, Jodi Lynn Parks, Individually and as Administratrix of the Estate of Kodey Lee Parks, Deceased, by and through her undersigned counsel, Injury Law Partners, hereby brings this action against all Defendants and in support thereof avers as follows:

## PARTIES

1. Plaintiff, Jodi Lynn Parks, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at the above-captioned address, and brings this action as the Administratrix of the Estate of Kodey Lee Parks, Deceased, pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. § 8301, and the Pennsylvania Survival Act, 42 Pa. C.S.A. § 8302.

2. Plaintiff is the mother of Kodey Lee Parks, Deceased.

3. Mr. Parks died at the age of thirty-three (33) with three (3) children.

4. Under 42 Pa. C.S.A § 8301(b), Mr. Parks' beneficiaries include his three (3) children: K.E.P. (DOB: 1/6/2012), K.L.P. (DOB: 8/17/2017), and K.J.P. (DOB: 9/4/2020).

5. Plaintiff brings this action within two (2) years after the death of Mr. Parks.

6. Prior to the death of Mr. Parks, no action was brought to recover for the carelessness, negligence, recklessness and/or other liability producing conduct which resulted in the Decedent's pain, suffering, and death, and no action for the Wrongful Death of Mr. Parks was commenced against the Defendants, nor has any Survival Action been commenced.

7. Defendant RK Holdings, LLP is a limited liability company, partnership, and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

8. At all relevant times, Defendant RK Holdings, LLP purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial,

continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

9.    At all relevant times, Defendant RK Holdings, LLP was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

10.    Defendant Rural King Holdings, LLP is a limited liability company, partnership, and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

11.    At all relevant times, Defendant Rural King Holdings, LLP purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

12.    At all relevant times, Defendant Rural King Holdings, LLP was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

13.    Defendant Rural King is a corporation, company, and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

14.    At all relevant times, Defendant Rural King purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

15. At all relevant times, Defendant Rural King was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

16. Defendant Rural King Supply is a corporation, company, and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

17. At all relevant times, Defendant Rural King Supply purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

18. At all relevant times, Defendant Rural King Supply was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

19. Defendant RK Tractors, LLC is a limited liability company and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

20. At all relevant times, Defendant RK Tractors, LLC purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

21. At all relevant times, Defendant RK Tractors, LLC was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

22. Defendant RK Talent is a corporation, company, and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

23. At all relevant times, Defendant RK Talent purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

24. At all relevant times, Defendant RK Talent was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

25. Defendant RK Guns is a corporation, company, and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

26. At all relevant times, Defendant RK Guns purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

27. At all relevant times, Defendant RK Guns was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

28. Defendant RK Internet, LLC is a limited liability company and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

29. At all relevant times, Defendant RK Internet, LLC purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

30. At all relevant times, Defendant RK Internet, LLC was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

31. Defendant Rural King Realty, LLC is a limited liability company and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

32. At all relevant times, Defendant Rural King Realty, LLC purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

33. At all relevant times, Defendant Rural King Realty, LLC was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

34. Defendant RK Real Estate & Development is a corporation, company, and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

35. At all relevant times, Defendant RK Real Estate & Development purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out,

substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

36. At all relevant times, Defendant RK Real Estate & Development was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

37. Defendant Clearfield Rural King Supply, Inc. is a corporation, company, and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

38. At all relevant times, Defendant Clearfield Rural King Supply, Inc. purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

39. At all relevant times, Defendant Clearfield Rural King Supply, Inc. was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

40. Defendant Rural King Guns – Clearfield is a corporation, company, and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

41. At all relevant times, Defendant Rural King Guns – Clearfield purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

42.    At all relevant times, Defendant Rural King Guns – Clearfield was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

43.    Defendant Rural King Administration, Inc. is a corporation, company, and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

44.    At all relevant times, Defendant Rural King Administration, Inc. purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

45.    At all relevant times, Defendant Rural King Administration, Inc. was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

46.    Defendant Rural King Farm and Home Store is a corporation, company, and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

47.    At all relevant times, Defendant Rural King Farm and Home Store purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

48.    At all relevant times, Defendant Rural King Farm and Home Store was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

49.    Defendant Rural King C, Inc. is a corporation, company, and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

50.    At all relevant times, Defendant Rural King C, Inc. purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

51.    At all relevant times, Defendant Rural King C, Inc. was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

52.    Defendants RK Holdings, LLP, Rural King Holdings, LLP, Rural King, Rural King Supply, RK Tractors, RK Talent, RK Guns, RK Internet, LLC, Rural King Realty, LLC, RK Real Estate & Development, Clearfield Rural King Supply, Inc., Rural King Guns – Clearfield, Rural King Administration, Inc., Rural King Farm and Home Store, and Rural King C, Inc. are hereinafter collectively referred to as "Rural King" and/or the "Rural King Defendants."

53.    Defendant Kel-Tec CNC Industries Inc. is a corporation, company, and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

54.    At all relevant times, Kel-Tec CNC Industries Inc. purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

55. At all relevant times, Defendant Kel-Tec CNC Industries Inc. was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

56. Defendant Kel-Tec CNC Inc. is a corporation, company, and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

57. At all relevant times, Kel-Tec CNC Inc. purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

58. At all relevant times, Defendant Kel-Tec CNC Inc. was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

59. Defendant KelTec is a corporation, company, and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with a primary place of business located at the above-captioned address.

60. At all relevant times, KelTec purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Clearfield County.

61. At all relevant times, Defendant KelTec was acting by and through its employees, servants, and/or agents, acting within the course and scope of their employment, service, and/or agency.

62. Defendants Kel-Tec CNC Industries Inc., Kel-Tec CNC Inc., and KelTec are hereinafter collectively referred to as "KelTec" and/or the "KelTec Defendants.

63. Defendant Danielle Parks is an adult individual and citizen of the Commonwealth of Pennsylvania who is currently incarcerated at SCI Muncy under inmate #PE8203, as identified and located above.

64. Defendant Bryan Michaelis is an adult individual and citizen of the Commonwealth of Pennsylvania who is currently incarcerated at SCI Fayette under inmate #QR1631, as identified and located above.

65. John Doe 1 is a parent company, sister company, subsidiary, affiliate, contractor and/or partner who was responsible for and/or otherwise involved in the design and manufacture of the subject gun, as described below.

66. John Doe 2 is a parent company, sister company, subsidiary, affiliate, contractor and/or partner who was responsible for and/or otherwise involved in the distribution and sale of the subject gun, as described below.

67. John Doe 3 is a parent company, sister company, subsidiary, affiliate, contractor and/or partner who was responsible for and/or otherwise involved in the ownership, management, supervision, and operation of the Rural King store at issue where the subject gun was sold and purchased, as described below.

68. John Doe 4 is an entity that assumed liabilities and/or an entity that is a successor of liabilities, including, but not limited to the liabilities of the Rural King Defendants, KelTec Defendants, Danielle Parks, Bryan Michaelis, John Doe 1, John Doe 2, and/or John Doe 3.

69. Pursuant to Pennsylvania Rule of Civil Procedure 2005, Defendants John Does 1 through 4 are currently unidentified, fictitious defendants.

70.    Plaintiff conducted a reasonable and diligent search to determine the actual names and/or identities of Defendants John Does 1 through 4.

71.    Plaintiff reserves the right to amend this Complaint and name said unknown individuals and/or entities as defendants pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

72.    Defendants are jointly and severally liable for the injuries and damages alleged.

## JURISDICTION AND VENUE

73.    Jurisdiction is proper in the Commonwealth of Pennsylvania

74.    Venue is proper in Clearfield County.

75.    Plaintiff resides in Clearfield County.

76.    The events giving rise to this action all occurred in Clearfield County.

77.    All Defendants regularly conduct business in Clearfield County.

## FACTS

78.    On February 23, 2024, Defendants Danielle Parks and Bryan Michaelis entered the Rural King Defendants' store located at 260 Plaza Drive, Clearfield, PA 16830.

79.    At all relevant times, Defendant Bryan Michaelis had a criminal history.

80.    At all relevant times, Defendant Bryan Michaelis was prohibited from purchasing, using, handling, and/or possessing firearms.

81.    On the above date, Defendant Danielle Parks purchased a Kel-Tec P17 compact .22 gun at the Rural King Defendants' store located at 260 Plaza Drive, Clearfield, PA 16830.

82.    At all relevant times, Defendant Bryan Michaelis was present during this purchase.

83.    Despite having a criminal history and/or being prohibited from purchasing, using, handling, and/or possessing firearms, the Rural King Defendants permitted Defendant Bryan

Michaelis to take possession of the subject gun immediately following its purchase while still inside the store and then exit with the gun in his hands.

84.     Upon information and belief, Defendants Danielle Parks and Bryan Michaelis also purchased and possessed additional gun accessories including but not limited to bullets from the Rural King Defendants' store located at 260 Plaza Drive, Clearfield, PA 16830 on February 23, 2024.

85.     The next day, on February 24, 2024, Defendant Bryan Michaelis shot and killed Mr. Parks with the subject gun that was purchased, and he carried and walked out with, at the Rural King Defendants' store the day before.

86.     Defendant Danielle Parks was also present during the murder of Mr. Parks.

87.     At all relevant times, the Rural King Defendants had a duty to prevent straw purchases at their stores including the subject store in Clearfield, PA.

88.     At all relevant times, the Rural King Defendants had a duty to prevent the dangerous and unsafe transfer of a purchased gun, while still inside their stores, to a person prohibited from purchasing, possessing, using, and/or handling guns including the subject store in Clearfield, PA.

89.     At all relevant times, the Rural King Defendants had a duty to prevent persons with a criminal history from purchasing, possessing, using, and/or handling guns while inside their stores including the subject store in Clearfield, PA.

90.     At all relevant times, the Rural King Defendants had a duty to prevent persons prohibited from purchasing, possessing, using, and/or handling guns from in fact purchasing, possessing, using, and/or handling guns while inside their stores including the subject store in Clearfield, PA.

91.   At all relevant times, the Rural King Defendants had a duty to conduct proper and adequate background/criminal history checks of individuals both purchasing guns from their stores, as well as individuals possessing, using, and/or handling guns while inside their stores, including the subject store in Clearfield, PA.

92.   At all relevant times, the Rural King Defendants were to have proper and adequate safety and security measures/policies to ensure that: (a) straw purchases did not occur at their stores; (b) dangerous and unsafe transfers of guns did not occur at their stores; and (c) persons prohibited from purchasing, possessing, using, and/or handling guns did not in fact purchase, possess, use, and/or handle guns while inside their stores.

93.   At all relevant times, the Rural King Defendants breached the aforesaid duties and failed to:

a)   identify, pick up on, and intervene the suspicious activity of Defendants Danielle Parks and Bryan Michaelis while inside their store;

b)   prevent the subject straw purchase;

c)   prevent the unsafe and dangerous transfer of the subject gun to Defendant Bryan Michaelis while he was inside their store;

d)   prevent Defendant Bryan Michaelis from possessing, using, and/or handling the subject gun while inside their store even though he was prohibited from doing so;

e)   prevent Defendant Bryan Michaelis from leaving their store with the subject gun in his hands;

f)   have proper and adequate safety and security measures/policies related to background checks and/or criminal history checks;

g)   have proper and adequate safety and security measures/policies to prevent the foregoing; and

h)   have proper and adequate training of their employees so as to prevent the foregoing.

94.     On or prior to February 23, 2024, the KelTec Defendants designed, manufactured, and thereafter distributed and/or sold the subject Kel-Tec P17 compact .22 gun either to the Rural King Defendants directly or through, upon information and belief, a distributor, retailer, or supplier.

95.     Whether directly or through, upon information and belief, a distributor, retailer, or supplier, the KelTec Defendants had a duty to ensure their guns, including the subject Kel-Tec P17 compact .22 gun, were being sold to consumers in a safe manner.

96.     On or prior to February 23, 2024, the KelTec Defendants had a duty to properly vet any/all distributors, suppliers, and/or retailers, including the Rural King Defendants, that sold their guns, including the subject Kel-Tec P17 compact .22 gun, and ensure said guns were being sold to consumers in a safe manner.

97.     At all relevant times, the KelTec Defendants failed to properly vet the Rural King Defendants.

98.     At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate policies protecting against the dangerous and unsafe sale of guns, including the subject Kel-Tec P17 compact .22 gun at the subject Rural King store in Clearfield, PA.

99.     At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate safety and security training to protect against the dangerous and unsafe sale of guns, including the subject Kel-Tec P17 compact .22 gun at the subject Rural King store in Clearfield, PA.

100. At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate policies related to background checks and/or criminal history checks.

101. At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate safety and security related to background checks and/or criminal history checks.

102. At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate policies protecting against straw purchases.

103. At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate safety and security training to protect against straw purchases.

104. At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate policies protecting against the unsafe transfer of guns to persons prohibited from possessing, using, and/or handling guns, including the subject Kel-Tec P17 compact .22 gun at the subject Rural King store in Clearfield, PA.

105. At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate safety and security training to protect against the unsafe transfer of guns to persons prohibited from possessing, using, and/or handling guns, including the subject Kel-Tec P17 compact .22 gun at the subject Rural King store in Clearfield, PA.

106. At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate policies protecting against the

possession, use, and/or handling of guns inside their stores by individuals who were prohibited from possessing, using, and/or handling guns, including the subject Kel-Tec P17 compact .22 gun at the subject Rural King store in Clearfield, PA.

107. At all relevant times, the KelTec Defendants' aforementioned failures led to the unsafe and dangerous sale of the subject Kel-Tec P17 compact .22 gun to Defendant Danielle Parks, and then said gun being possessed, handled, and carried by Defendant Bryan Michaelis while still inside the store, and then out of the store, by Defendant Bryan Michaelis.

108. As a result of all Defendants' negligent and reckless conduct, Mr. Parks sustained catastrophic injuries, conscious pain and suffering, and died from multiple gunshot wounds on February 24, 2024.

## COUNT I

### PLAINTIFF v. DEFENDANTS RK HOLDINGS, LLP, RURAL KING HOLDINGS, LLP, RURAL KING, RURAL KING SUPPLY, RK TRACTORS, LLC, RK TALENT, RK GUNS, RK INTERNET, LLC, RURAL KING REALTY, LLC, RK REAL ESTATE & DEVELOPMENT, CLEARFIELD RURAL KING SUPPLY, INC., RURAL KING GUNS – CLEARFIELD, RURAL KING ADMINISTRATION, INC., RURAL KING FARM AND HOME STORE, RURAL KING C, INC. ("RURAL KING" and/or THE "RURAL KING DEFENDANTS"), JOHN DOE 2, JOHN DOE 3, AND JOHN DOE 4

109. All prior averments are incorporated as if fully stated here.

110. On February 23, 2024, Defendant Danielle Parks purchased a Kel-Tec P17 compact .22 gun at the Rural King Defendants' store located at 260 Plaza Drive, Clearfield, PA 16830.

111. At all relevant times, Defendant Bryan Michaelis, who had a criminal history and was prohibited from purchasing, using, handling, and/or possessing firearms, was present during this purchase.

112. Despite having a criminal history and/or being prohibited from purchasing, using, handling, and/or possessing firearms, the Rural King Defendants permitted Defendant Bryan

Michaelis to take possession of the subject gun immediately following its purchase while still inside the store and then exit with the gun in his hands.

113. Upon information and belief, Defendants Danielle Parks and Bryan Michaelis also purchased and possessed additional gun accessories including but not limited to bullets from the Rural King Defendants' store located at 260 Plaza Drive, Clearfield, PA 16830 on February 23, 2024.

114. The next day, on February 24, 2024, Defendant Bryan Michaelis shot and killed Mr. Parks with the subject gun that was purchased, and he carried and walked out with, at the Rural King Defendants' store the day before.

115. At all relevant times, the Rural King Defendants had a duty to prevent straw purchases at their stores including the subject store in Clearfield, PA.

116. At all relevant times, the Rural King Defendants had a duty to prevent the dangerous and unsafe transfer of a purchased gun, while still inside their stores, to a person prohibited from purchasing, possessing, using, and/or handling guns including the subject store in Clearfield, PA.

117. At all relevant times, the Rural King Defendants had a duty to prevent persons with a criminal history from purchasing, possessing, using, and/or handling guns while inside their stores including the subject store in Clearfield, PA.

118. At all relevant times, the Rural King Defendants had a duty to prevent persons prohibited from purchasing, possessing, using, and/or handling guns from in fact purchasing, possessing, using, and/or handling guns while inside their stores including the subject store in Clearfield, PA.

119.   At all relevant times, the Rural King Defendants had a duty to conduct proper and adequate background/criminal history checks of individuals both purchasing guns from their stores, as well as individuals possessing, using, and/or handling guns while inside their stores, including the subject store in Clearfield, PA.

120.   At all relevant times, the Rural King Defendants were to have proper and adequate safety and security measures/policies to ensure that: (a) straw purchases did not occur at their stores; (b) dangerous and unsafe transfers of guns did not occur at their stores; and (c) persons prohibited from purchasing, possessing, using, and/or handling guns did not in fact purchase, possess, use, and/or handle guns while inside their stores.

121.   The negligence, carelessness, recklessness, and wrongful conduct of the Rural King Defendants, their agents, servants, and/or employees, which are the proximate cause of the fatal injuries suffered by Mr. Parks, consisted of the following:

a.   failing to identify, appreciate, pick up on, and intervene the suspicious activity of Defendants Danielle Parks and Bryan Michaelis while inside their store;

b.   failing to identify, pick up on, and intervene on the open collaboration between Defendants Danielle Parks and Bryan Michaelis while inside their store;

c.   failing to prevent the subject straw purchase;

d.   failing to prevent the unsafe and dangerous sale of the subject gun to Defendant Danielle Parks;

e.   failing to prevent the unsafe and dangerous transfer of the subject gun to Defendant Bryan Michaelis while he was inside their store;

f.   failing to prevent the unsafe and dangerous transfer of firearm accessories including but not limited to bullets to Defendant Bryan Michaelis while he was inside their store;

g.   failing to prevent Defendant Bryan Michaelis from possessing, using, and/or handling the subject gun while inside their store even though he was prohibited from doing so;

h. failing to prevent Defendant Bryan Michaelis from leaving their store with the subject gun in his hands;

i. failing to prevent Defendant Bryan Michaelis from possessing, using, and/or handling firearm accessories including but not limited to bullets while inside their store even though he was prohibited from doing so;

j. failing to prevent Defendant Bryan Michaelis from leaving their store with firearm accessories including but not limited to bullets;

k. failing to have proper and adequate safety and security measures/policies related to background checks and/or criminal history checks;

l. failing to have proper and adequate safety and security training related to background checks and/or criminal history checks;

m. failing to conduct a proper and adequate background check and/or criminal history check of Defendant Danielle Parks;

n. failing to conduct a proper and adequate background check and/or criminal history check of Defendant Bryan Michaelis;

o. failing to ensure compliance with Pennsylvania's Instant Check System (PICS) prior to the sale of the subject gun to Defendant Danielle Parks;

p. failing to ensure compliance with Pennsylvania's Instant Check System (PICS) prior to permitting Defendant Bryan Michaelis to possess, handle, and/or carry the subject gun in their store;

q. failing to prevent Defendant Bryan Michaelis, who had a criminal history, from purchasing, possessing, using, and/or handling a gun while inside their store;

r. failing to prevent Defendant Danielle Parks, who had a criminal history, from purchasing, possessing, using, and/or handling a gun while inside their store;

s. failing to have proper and adequate safety policies and procedures related to gun purchases at their store;

t. failing to have proper and adequate safety and security training for their personnel related to gun purchases at their store;

u. failing to properly train their personnel on how to prevent straw purchases;

v. failing to have proper and adequate security personnel who should have intervened and prevented Defendant Bryan Michaelis from possessing, using, and/or handling a gun while inside their store;

w. failing to have proper and adequate security personnel who should have intervened and prevented Defendant Bryan Michaelis from leaving their store with bullets and a gun;

x. failing to adequately determine the lawfulness of the transaction with Defendants Danielle Parks and Bryan Michaelis, per the ATF Form 4473;

y. failing to exercise reasonable care in the distribution and sale of the subject gun to Defendants Danielle Parks and Bryan Michaelis;

z. failing to exercise reasonable care in permitting Defendant Bryan Michaelis to possess, handle, use, and carry the subject gun while inside their store;

aa. failing to recognize the open and obvious warning signs that a straw purchase was trying to be completed right in front of the employee's face;

bb. knowingly and recklessly selling a gun to a straw purchaser;

cc. knowingly and recklessly permitting Defendant Bryan Michaelis to possess, handle, use, and carry the gun inside their store even though a proper and adequate background check and/or criminal history check was not completed;

dd. knowingly and recklessly failing to complete a proper and adequate background check and/or criminal history check prior to the sale of the subject gun;

ee. knowingly and recklessly making false statements in required documentation and records including but not limited to ATF Forms, PSP Forms, and other documentation related to background checks and/or criminal history checks;

ff. knowingly and recklessly allowing the transfer of the subject gun to a person prohibited from possessing a gun even though a proper and adequate background check and/or criminal history check was not completed;

gg. selling the gun that it knew or should have known was being directly unloaded into the hands of someone that was ineligible to possess the gun;

hh. appreciating the risk that a straw purchase was being done in their store, or potentially being done in their store, but proceeding in the face of this risk anyway.

122.    As a direct, proximate, and foreseeable result of the Rural King Defendants' conduct, Mr. Parks sustained catastrophic injuries, conscious pain and suffering, and died.

123. By conducting themselves as set forth above, the Rural King Defendants' acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of Plaintiff's damages.

WHEREFORE, Plaintiff demands judgment against each Defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of this suit and brings this action to recover same.

## COUNT II

## PLAINTIFF v. DEFENDANTS KEL-TEC CNC INDUSTRIES INC., KEL-TEC CNC INC., KELTEC ("KELTEC" and/or THE "KELTEC DEFENDANTS"), JOHN DOE 1, JOHN DOE 2, AND JOHN DOE 4

124. All prior averments are incorporated as if stated fully here.

125. On or prior to February 23, 2024, the KelTec Defendants designed, manufactured, and thereafter distributed and/or sold the subject Kel-Tec P17 compact .22 gun either to the Rural King Defendants directly or through, upon information and belief, a distributor, retailer, or supplier.

126. Whether directly or through, upon information and belief, a distributor, retailer, or supplier, the KelTec Defendants had a duty to ensure their guns, including the subject Kel-Tec P17 compact .22 gun, were being sold to consumers in a safe manner.

127. On or prior to February 23, 2024, the KelTec Defendants had a duty to properly vet any/all distributors, suppliers, and/or retailers, including the Rural King Defendants, that sold their guns, including the subject Kel-Tec P17 compact .22 gun, and ensure said guns were being sold to consumers in a safe manner.

128.    At all relevant times, the KelTec Defendants failed to properly vet the Rural King Defendants.

129.    At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate policies protecting against the dangerous and unsafe sale of guns, including the subject Kel-Tec P17 compact .22 gun at the subject Rural King store in Clearfield, PA.

130.    At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate safety and security training to protect against the dangerous and unsafe sale of guns, including the subject Kel-Tec P17 compact .22 gun at the subject Rural King store in Clearfield, PA.

131.    At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate policies related to background checks and/or criminal history checks.

132.    At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate safety and security related to background checks and/or criminal history checks.

133.    At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate policies protecting against straw purchases.

134.    At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate safety and security training to protect against straw purchases.

135. At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate policies protecting against the unsafe transfer of guns to persons prohibited from possessing, using, and/or handling guns, including the subject Kel-Tec P17 compact .22 gun at the subject Rural King store in Clearfield, PA.

136. At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate safety and security training to protect against the unsafe transfer of guns to persons prohibited from possessing, using, and/or handling guns, including the subject Kel-Tec P17 compact .22 gun at the subject Rural King store in Clearfield, PA.

137. At all relevant times, the KelTec Defendants failed to ensure that the Rural King Defendants enacted and implemented proper and adequate policies protecting against the possession, use, and/or handling of guns inside their stores by individuals who were prohibited from possessing, using, and/or handling guns, including the subject Kel-Tec P17 compact .22 gun at the subject Rural King store in Clearfield, PA.

138. At all relevant times, the KelTec Defendants' aforementioned failures led to the unsafe and dangerous sale of the subject Kel-Tec P17 compact .22 gun to Defendant Danielle Parks, and then said gun being possessed, handled, and carried by Defendant Bryan Michaelis while still inside the store, and then out of the store, by Defendant Bryan Michaelis.

139. The negligence, carelessness, recklessness, and wrongful conduct of the KelTec Defendants, their agents, servants, and/or employees, which are the proximate cause of the fatal injuries suffered by Mr. Parks, consisted of the following:

     a. failing to properly vet the Rural King Defendants prior to the distribution, sale, and transaction of the subject gun;

b. failing to properly vet the Rural King Defendants prior to the distribution, sale, and transaction of the subject gun to ensure guns were being sold to consumers in a safe manner;

c. failing to properly vet the distributor, supplier, and/or retailer that was involved in any capacity in the sale of the subject gun;

d. failing to ensure that the guns, including the subject gun, being designed and manufactured, and thereafter distributed, were safely sold to consumers;

e. failing to ensure that the Rural King Defendants enacted and implemented proper and adequate policies protecting against the dangerous and unsafe sale of guns, including the subject gun;

f. failing to ensure that the Rural King Defendants enacted and implemented proper and adequate safety and security training to protect against the dangerous and unsafe sale of guns, including the subject gun;

g. failing to ensure that the Rural King Defendants enacted and implemented proper and adequate policies protecting against straw purchases;

h. failing to ensure that the Rural King Defendants enacted and implemented proper and adequate safety and security training to protect against straw purchases;

i. failing to ensure that the Rural King Defendants enacted and implemented proper and adequate policies protecting against the unsafe transfer of guns to persons prohibited from possessing, using, and/or handling guns, including the subject gun;

j. failing to ensure that the Rural King Defendants enacted and implemented proper and adequate safety and security training to protect against the unsafe transfer of guns to persons prohibited from possessing, using, and/or handling guns, including the subject gun;

k. failing to ensure that the Rural King Defendants enacted and implemented proper and adequate policies protecting against the possession, use, and/or handling of guns inside their stores by individuals who were prohibited from possessing, using, and/or handling guns, including the subject gun;

l. failing to ensure that the Rural King Defendants enacted and implemented proper and adequate policies related to background checks and/or criminal history checks;

m. to ensure that the Rural King Defendants enacted and implemented proper and adequate safety and security related to background checks and/or criminal history checks;

n. knowingly and recklessly choosing a distributor or seller of a gun that was incapable of safely selling guns to consumers;

o. knowing and recklessly choosing a distributor or seller of a gun without doing a proper and adequate vetting process to ensure the guns they designed and manufactured were being safely sold to consumers;

p. knowingly and recklessly choosing the Rural King Defendants to sell their guns even though the Rural King Defendants had a pattern and history of unsafely selling guns;

q. knowingly and recklessly choosing the Rural King Defendants to sell their guns even though the Rural King Defendants had a pattern and history of failing to conduct proper and adequate background checks and/or criminal history checks.

140. As a direct, proximate, and foreseeable result of the KelTec Defendants' conduct, Mr. Parks sustained catastrophic injuries, conscious pain and suffering, and died.

141. By conducting themselves as set forth above, the KelTec Defendants' acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of Plaintiff's damages.

WHEREFORE, Plaintiff demands judgment against each Defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of this suit and brings this action to recover same.

## COUNT III

## PLAINTIFF v. DEFENDANT DANIELLE PARKS

142. All prior averments are incorporated as if fully stated here.

143. Plaintiff's injuries and damages were caused by Defendant Danielle Parks in the following ways:

    a.  purchasing a gun from the Rural King Defendants in an unsafe and dangerous manner;

    b.  purchasing gun accessories, including but not limited to bullets, from the Rural King Defendants in an unsafe and dangerous manner;

    c.  purchasing a gun from the Rural King Defendants knowing said gun was going to be possessed, handled, and used by Defendant Bryan Michaelis;

    d.  purchasing gun accessories, including but not limited to bullets, from the Rural King Defendants knowing said accessories were going to be possessed, handled, and used by Defendant Bryan Michaelis;

    e.  purchasing a gun from the Rural King Defendants knowing said gun was going to be used to murder Mr. Parks the next day;

    f.  suspiciously purchasing a gun under the guise that it was for her when it was actually for Defendant Bryan Michaelis;

    g.  permitting Defendant Bryan Michaelis to possess, handle, and use the subject gun when Defendant Danielle Parks knew he was prohibited from doing so;

    h.  permitting Defendant Bryan Michaelis to possess, handle, and use the subject gun when Defendant Danielle Parks knew he was prohibited from doing so because of his criminal history;

    i.  facilitating and/or helping to facilitate the unsafe and dangerous transfer of the gun and gun accessories to Defendant Bryan Michaelis while inside the Rural King Defendants' store;

    j.  murdering and/or being an accomplice to the murder of Mr. Parks.

144. As a direct, proximate, and foreseeable result of Defendant Danielle Parks' conduct, Mr. Parks sustained catastrophic injuries, conscious pain and suffering, and died.

145. By conducting herself as set forth above, Defendant Danielle Parks' acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of Plaintiff's damages.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of this suit and brings this action to recover same.

## COUNT IV

### PLAINTIFF v. DEFENDANT BRYAN MICHAELIS

146. All prior averments are incorporated as if fully stated here.

147. Plaintiff's injuries and damages were caused by Defendant Bryan Michaelis in the following ways:

    a. purchasing a gun from the Rural King Defendants in an unsafe and dangerous manner;

    b. purchasing gun accessories, including but not limited to bullets, from the Rural King Defendants in an unsafe and dangerous manner;

    c. possessing, handling, and/or using a gun while inside the Rural King Defendants' store in an unsafe and dangerous manner;

    d. possessing, handling, and/or using gun accessories, including but not limited to bullets, while inside the Rural King Defendants' store in an unsafe and dangerous manner;

    e. purchasing a gun and gun accessories, including but not limited to bullets, from the Rural King Defendants' store knowing he was prohibited from doing so;

    f. possessing, handling, and/or using a gun and gun accessories, including but not limited to bullets, while inside the Rural King Defendants' store knowing he was prohibited from doing so;

    g. purchasing a gun and gun accessories from the Rural King Defendants knowing said gun and gun accessories were going to be used to murder Mr. Parks the next day;

    h. possessing and/or handling a gun and gun accessories while inside the Rural King Defendants' store knowing said gun and gun accessories were going to be used to murder Mr. Parks the next day;

i.  despite having a criminal history and being prohibited from purchasing and possessing guns, doing so anyway while inside the Rural King Defendants' store;

j.  suspiciously purchasing, and/or helping to purchase, a gun under the guise that it was for Defendant Danielle Parks when it was actually for him;

k.  murdering Mr. Parks.

148.  As a direct, proximate, and foreseeable result of Defendant Bryan Michaelis' conduct, Mr. Parks sustained catastrophic injuries, conscious pain and suffering, and died.

149.  By conducting herself as set forth above, Defendant Bryan Michaelis' acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of Plaintiff's damages.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of this suit and brings this action to recover same.

**COUNT V**

**PLAINTIFF v. ALL DEFENDANTS**

150.  All prior averments are incorporated as if fully stated here.

151.  Defendants acted negligently, carelessly, and recklessly, and caused the death of Mr. Parks, as set forth in the preceding paragraphs.

152.  Plaintiff, Jodi Lynn Parks, brings this action as the Administratrix of the Estate of Kodey Lee Parks, Deceased, on behalf of those entitled by law to recover for his wrongful death, under and by virtue of 42 Pa. C.S.A § 8301, *et seq.*, commonly known as the Pennsylvania Wrongful Death Act.

153.    No action for damages was brought by Plaintiff or Mr. Parks during his lifetime as a result of the incident at issue in this case.

154.    Plaintiff, Jodi Lynn Parks, claims damages for all pecuniary losses suffered by decedent's beneficiaries by reason of the death of Mr. Parks, including but not limited to reimbursement of medical expenses, funeral expenses, and expenses of administration.

155.    Plaintiff, Jodi Lynn Parks, claims damages resulting from the deprivation of comfort, aid, assistance, and society, and the loss of guidance and tutelage of Mr. Parks' wrongful death beneficiaries, due to the death of Mr. Parks.

WHEREFORE, Plaintiff demands judgment against each Defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of this suit and brings this action to recover same.

## COUNT VI

## PLAINTIFF v. ALL DEFENDANTS

156.    All prior averments are incorporated as if fully stated here.

157.    Plaintiff, Jodi Lynn Parks, on behalf of the Estate of Kodey Lee Parks, Deceased, brings this action under and by virtue of 42 Pa. C.S. § 8302, commonly known as the Pennsylvania Survival Act, and claims all benefits of the Survival Act or law governing the survival of actions.

158.    As a direct and proximate result of the foregoing, decedent, Kodey Parks, has been, is being, and will be in the future be wrongfully deprived of earnings and the right to earn a living.

159.    As a direct and proximate result of the foregoing, the Estate of Kodey Lee Parks claims damages for decedent's loss of future earnings and loss of future earning capacity.

160. Plaintiff, on behalf of the Estate of Kodey Lee Parks, claims all damages suffered by the Estate by reason of the death of Kodey Parks, including without limiting the generality of the foregoing: damages for the anxiety, fear, serious injuries, and the great and unspeakable conscious pain and suffering, both physical and emotional, and other intangible losses which Kodey Parks underwent prior to his death; the loss of life and of life's pleasures, the loss of future earning capacity suffered by Kodey Parks from the date of his death until such time in the future that he would have lived had he not died as a result of the injuries he sustained; and the total limitation and deprivations of his normal activities, pursuits, and pleasures from the date of his death until such time in the future as he would have lived had he not died as a result of the injuries sustained by reason of the negligence, carelessness, recklessness, and other liability producing conduct of the Defendants.

WHEREFORE, Plaintiff demands judgment against each Defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of this suit and brings this action to recover same.

Respectfully submitted,

INJURY LAW PARTNERS

DAVID J. LANGSAM, ESQ.
BENJAMIN J. BAER, ESQ.
ROBERT G. DEVINE, JR., ESQ.
Attorneys for Plaintiff

Date: March 24, 2026

## **VERIFICATION**

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This verification is made subject to the penalties of the 18 Pa. C.S §4904, relating to unsworn falsification to authorities.

*Jodi l Park*
ID prFrity7E6Eu4SVBWvNXSHCW

JODI LYNN PARKS

## CERTIFICATE OF SERVICE

This is to certify that, on this date, a true and correct copy of the Complaint was served via

regular mail on all unrepresented parties and via electronic mail on counsel for Defendants:

Kevin C. Harkins
FBT Gibbons, LLP
Union Trust Building
501 Grant Street, Suite 800
Pittsburgh, PA 15219
kharkins@fbtgibbons.com
*COUNSEL FOR RK HOLDINGS, LLP, RURAL KING HOLDINGS, LLP, RURAL KING,
RURAL KING SUPPLY, RK TRACTORS, LLC, RK TALEN, RK GUNS, RK INTERNET,
LLC, RURAL KING REALTY, LLC, RK REAL ESTATE & DEVELOPMENT, CLEARFIELD
RURAL KING SUPPLY, INC., RURAL KING GUNS - CLEARFIELD, RURAL KING
ADMINISTRATION, INC., RURAL KING FARM AND HOME STORE AND RURAL KING
C. INC.*

**INJURY LAW PARTNERS**

_____
ROBERT G. DEVINE, JR.
Attorneys for Plaintiffs

Date: March 24, 2026

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Plaintiff

Signature: _____

Name: Robert G. Devine, Jr.

Attorney No. (if applicable): 327833