IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JODI LYNN PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | |
| RK HOLDINGS, LLP, RURAL KING | ) | |
| HOLDINGS, LLP, RURAL KING, RURAL | ) | CASE NO. 3:26-cv-00712 |
| KING SUPPLY, RK TRACTORS, LLC, RK | ) | |
| TALENT, RK GUNS, RK INTERNETE, | ) | |
| LLC, RURAL KING REALTY LLC, RK | ) | |
| REAL ESTATE & DEVELOPMENT, | ) | |
| CLEARFIELD RURAL KING SUPPLY, | ) | |
| INC., RURAL KING GUNS – | ) | |
| CLEARFIELD, RURAL KING | ) | |
| ADMINISTRATION, INC., RURAL KING | ) | |
| FARM HOME STORE, RURAL KING C, | ) | |
| INC. AND KEL-TEC CNC INDUSTRIES, | ) | |
| INC., KEL-TEC CNC INC., KELTEC, | ) | |
| DANIELLE PARKS and BRYAN | ) | |
| MICHAEL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

AND NOW, comes the Defendant Kel-Tec CNC Industries, Inc. i/s/h/a Kel-Tec CNC, Inc. and Kel-Tec ("Kel-Tec"), by and through its undersigned counsel, and respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint with prejudice pursuant to the Protection of Lawful Commerce in Arms Act, 15 U.S.C. §§ 7901-7903 ("PLCAA"), and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SUMMARY OF THE ARGUMENT**

This case arises from the murder of Kodey Lee Parks by Bryan Michaelis and his

accomplice Danielle Parks (wife of Kodey Lee). According to the Complaint, on February 23, 2025, Ms. Parks illegally purchased a Kel-Tec model P17 semi-automatic pistol from Rural King, a retail store located in Clearfield, PA, for Michaelis. The next day, Michaelis used that pistol to shoot and kill Mr. Parks. Plaintiff, Mr. Parks's mother and executor of his Estate, brings this negligence action against owners and operators of Rural King, Kel-Tec, the manufacturer of the pistol, and Michaelis and Ms. Parks, seeking damages for the murder of Mr. Parks. Plaintiff's claims against Kel-Tec should be dismissed as a matter of law for three independent reasons.

First, Plaintiff's claims against Kel-Tec are barred by PLCAA, a federal immunity statute that prohibits civil actions for damages against the manufacturer and seller of a firearm (Kel-Tec) resulting from the criminal or unlawful misuse of the firearm by a third party (Michaelis). Plaintiff's lawsuit alleges a single cause of action for negligence against Kel-Tec. There is no exception under PLCAA for general negligence claims. Therefore, Plaintiff's negligence claim must be immediately dismissed as a matter of law. The Pennsylvania Supreme Court recently confirmed the constitutionality of PLCAA and its applicability to claims like the one asserted here. *See Gustafson v. Springfield, Inc.*, 333 A.3d 651, 658 (Pa. 2025). *Gustafson* is further confirmation that Plaintiff's negligence claim must be dismissed with prejudice pursuant to PLCAA.

Second, Plaintiff's claims against Kel-Tec fail for the additional and separate reason that Kel-Tec owed no legal duty to Mr. Parks. In Pennsylvania, there is no duty to protect individuals from the unforeseeable criminal acts of third parties absent a special relationship. No such special relationship existed here. Kel-Tec therefore did not owe Mr. Parks a legal duty as a matter of law.

Third, Plaintiff cannot establish proximate causation as a matter of law. There is no basis

2

to conclude based on the allegations in the Complaint that Kel-Tec's conduct was a substantial factor in bringing about the murder of Mr. Parks. Plaintiff's negligence claim fails for this independent reason.

Accordingly, Plaintiff's complaint against Kel-Tec should be dismissed in its entirety with prejudice.

## **BACKGROUND**

Plaintiff commenced this action on March 26, 2026. The following facts are taken from the Complaint, and are assumed to be true for purposes of this motion only.  Kel-Tec manufactured and sold a model P-17 semi-automatic pistol ("Subject Pistol"). Compl. ¶¶ 81; 94.  The Subject Pistol was acquired by Rural King, a retail store located at 260 Plaza Drive, Clearfield, PA. *Id*. ¶¶ 78; 94. Rural King sold the Subject Pistol to Danielle Parks on February 23, 2024. *Id*. ¶¶ 78; 81. According to the Complaint, this was an unlawful straw purchase because the Subject Pistol was purchased by Ms. Parks for Michaelis, who was prohibited from purchasing a firearm due to his criminal history. *Id*. ¶¶ 79-83. The next day, on February 24, 2024, Michaelis used the Subject Pistol to shoot and kill Mr. Parks. *Id*. ¶85. Ms. Parks "was also present during the murder of Mr. Parks." *Id*. ¶ 86.

Based on these factual allegations, Plaintiff brought a wrongful death and survival action against Kel-Tec, alleging it was negligent in failing to prevent the sale of the Subject Pistol by Rural King to Danielle Parks and Bryan Michaelis. Compl. ¶¶ 124-141. These claims are preempted by PLCAA, and must be immediately dismissed as a matter of law. Moreover, Kel-Tec did not owe Mr. Parks a legal duty and the allegations establish there is no proximate cause under Pennsylvania law. Plaintiff's Complaint against Kel-Tec should be dismissed in its entirety.

3

## **ARGUMENT**

**I.    PLAINTIFF'S COMPLAINT MUST BE IMMEDIATELY DISMISSED PURSUANT TO THE PROTECTION OF LAWFUL COMMERCE IN ARMS ACT**

### **A.  PLCAA is a federal immunity statute**

PLCAA, enacted in 2005, is a federal immunity statute that prohibits the institution of a "qualified civil liability action" in any state or federal court. *See Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280, 285 (2025). A "qualified civil liability action" is defined as "a civil action or proceeding or an administrative proceeding brought by any person against a manufacturer or seller of a qualified product, or a trade association, for damages, punitive damages, injunctive or declaratory relief, abatement, restitution, fines, or penalties, or other relief, resulting from the criminal or unlawful misuse of a qualified product by the person or a third party[.]" *Gustafson v. Springfield, Inc.*, 333 A.3d 651, 658 (Pa. 2025) (citing 15 U.S.C. § 7903(5)(A)). In 2025, the Supreme Court of Pennsylvania confirmed the constitutionality of the PLCAA, finding it "is a valid exercise of Congress's Commerce Clause authority," and rejected arguments that it violates the Tenth Amendment or principles of federalism. *Gustafson*, 333 A.3d 651, 683 (holding PLCAA is constitutional and applicable to the plaintiff's claims).

### **B.  This Case is a Qualified Civil Liability Action**

Based on the allegations in the Complaint, this case is a "qualified civil liability action" because it is a proceeding brought by a person (Jodi Lynn Parks) against a manufacturer (Kel-Tec) of a qualified product (the Subject Pistol) for damages and other relief resulting from the criminal or unlawful use (the murder of Mr. Parks) of the qualified product (the Subject Pistol) by a

third party (Michaelis). Compl. ¶¶ 78-86; 15 U.S.C. § 7903(5)(A).

### C. Kel-Tec is a Manufacturer

PLCAA defines a "manufacturer," with respect to a qualified product, as "a person who is engaged in the business of manufacturing the product in interstate or foreign commerce and who is licensed to engage in business as such a manufacturer under chapter 44 of title 18, United States Code." 15 U.S.C. § 7903(2). Chapter 44 of title 18 of the United States Code, in turn, defines a manufacturer as "any person engaged in the business[1] of manufacturing firearms . . . for purposes of sale or distribution; and the term 'licensed manufacturer' means any such person licensed under the provisions of this chapter." 18 U.S.C. § 921(a)(10). As a federally licensed manufacturer of firearms, Kel-Tec is a "manufacturer" pursuant to the terms of PLCAA. Compl. ¶¶ 84 (alleging Kel-Tec "designed, manufactured and thereafter distributed and/or sold" the Subject Pistol).

### D. The Subject Pistol is a Qualified Product

PLCAA defines a "qualified product" as "a firearm (as defined in subparagraph (A) or (B) of section 921(a)(3) of title 18, United States Code) . . . or a component part of a firearm . . . that has been shipped or transported in interstate or foreign commerce." 15 U.S.C. § 7903(4). Pursuant to 18 U.S.C. §§ 921(a)(3)(A) & (B), a firearm is defined as "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive" or "the frame or receiver of any such weapon. . . ." Pursuant to the allegations in the Complaint, Mr. Parks was shot with the Subject Pistol, which is considered to be a qualified product pursuant to

---

[1] The term "engaged in the business," relative to a manufacturer of firearms, is defined as "a person who devotes time, attention, and labor to manufacturing firearms as a regular course of trade or business with the principal objective of livelihood and profit through the sale or distribution of the firearms manufactured." 18 U.S.C. § 921(a)(21)(A).

PLCAA. Compl. ¶¶ 78-86.

### E.  Plaintiffs' Injuries Resulted from the Criminal Use of a Qualified Product

According to the Complaint, Kody Lee Parks was shot and killed with the Subject Pistol. Compl. ¶¶ 85-86. Plaintiff alleges Michaelis murdered Mr. Parks in the presence of Danielle Parks. *Id*. ¶¶ 85-86; 143; 147. Accordingly, Plaintiff's injuries resulted from the criminal use (the shooting of Mr. Parks) of a qualified product (the Subject Pistol) by a third party (Michaelis).  This case, therefore, is a "qualified civil liability action," which PLCAA prohibits from being "brought in any Federal or State court," unless one of the narrow exceptions is shown to apply. 15 U.S.C. § 7903(5)(A); *Estados Unidos Mexicanos*, 605 U.S. at 285; *Gustafson*, 333 A.3d at 683.

### F.  No Exceptions to PLCAA Apply

PLCAA provides for six narrow exceptions to the definition of a prohibited "qualified civil liability action," including (1) claims for negligent entrustment and negligence per se, (2) claims for breach of contract or warranty, (3) claims based on defective products when "not caused by a volitional act that constituted a criminal offense," and (4) claims based on knowing violations of statutes "applicable to the sale or marketing of the product," where "the violation was a proximate cause of the harm for which relief is sought." 15 U.S.C. §§ 7903(5)(A)(i)-(vi). None of these exceptions apply here.

Plaintiff asserts a single general negligence claim against Kel-Tec.  PLCAA prohibits any claims brought under a general negligence theory. *Gustafson*, 333 A.3d at 666; *See also Ileto v. Glock, Inc.*, 565 F.3d 1126, 1135 (9th Cir. 2009) (PLCAA bars general negligence claims); *Delana v. CED Sales, Inc.*, 486 S.W.3d 316, 322 (Mo. 2016) ("PLCAA expressly preempts all general negligence actions seeking damages resulting from the criminal or unlawful use of a

6

firearm"); *Estate of Kim ex rel. Alexander v. Coxe*, 295 P.3d 380, 386 (Alaska 2013) (holding there is no exception to the PLCAA for general negligence claims).

Accordingly, Plaintiff's claims against Kel-Tec must be immediately dismissed because they are barred by PLCAA.

## II.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE KEL-TEC DID NOT OWE PLAINTIFF A LEGAL DUTY AND THERE IS NO PROXIMATE CAUSE AS A MATTER OF LAW

"In any case sounding in negligence, a plaintiff must demonstrate: (1) a duty of care; (2) the breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff." *Farabaugh v. Pennsylvania Tpk. Comm'n*, 590 Pa. 46, 60 (2006). Plaintiff's negligence claim should be dismissed for the additional and separate reasons that Kel-Tec owed no duty of care to Mr. Parks, and the allegations in the Complaint establish there is no proximate causation as a matter of law.

### A.   <u>Kel-Tec did not owe Plaintiff a legal duty</u>

"As a general rule, there is no duty to control the conduct of a third party to protect another from harm." *Emerich v. Philadelphia Ctr. for Hum. Dev., Inc.*, 720 A.2d 1032, 1036 (Pa. 1998); *Feld v. Merriam*, 485 A.2d 742, 746 (Pa. 1984) (the "traditional rule [is] that a person cannot be liable for the criminal acts of third parties"); *Ritz v. Ramsay*, 305 A.3d 1056, 1061 (PA Super 2023) (same). It follows that Kel-Tec owed no duty to protect Mr. Parks from Michaelis's criminal conduct. *See, e.g., City of Philadelphia v. Beretta U.S.A. Corp.*, 277 F.3d 415, 425 (3d Cir. 2002) ("gun manufacturers are under no legal duty to protect citizens from the deliberate and unlawful use of their products").

Though Pennsylvania law "recogniz[es] such a duty in limited circumstances where a

7

special relationship exists," no special relationship exists here. *Ritz*, 305 A.3d at 1061. The categories of special relationship where a duty may be imposed include: "a parent's duty to control a child; a master's duty to control a servant; a possessor of land's duty to control a licensee; and the duty of those in charge of individuals with dangerous propensities to control those individuals." *Id*. (citing *Brisbine v. Outside In Sch. of Experiential Educ., Inc.*, 799 A.2d 89, 93 (Pa. Super. 2002). The Complaint does not allege facts to support the existence of any such special relationship. Nor could it; because none exists.

The result is the same applying the *Althaus* factors. *See Althaus ex rel. Althaus v. Cohen*, 756 A.2d 1166, 1169 (Pa. 2000). In *Althaus*, the Supreme Court of Pennsylvania explained several factors to be considered for "the determination of whether a duty exists in a particular case," including: "(1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution." *Id*. Applying these factors to the facts here weighs strongly against imposing a legal duty.

First, Kel-Tec has no relationship with Mr. Parks, Ms. Parks, or Michaelis. Second, Kel-Tec is a firearm manufacturer that manufactures lawful products used by law enforcement and individuals for self-defense purposes. Third, Mr. Parks was not a foreseeable victim—Kel-Tec had no involvement in, or knowledge of, the sale of the Subject Pistol by Rural King to Ms. Parks and Michaelis. Fourth, the consequences of imposing a duty under these circumstances would be to improperly expose firearm manufacturers "to liability to the public at large." *See Ritz*, 305 A.3d at 1063. Fifth, given the absence of foreseeability and Kel-Tec's lack of involvement in the sale at issue, expanding a manufacturer's duty to the general public for a non-defective product would

not serve the public interest.

Under any applicable analysis, Kel-Tec owed no legal duty to Mr. Parks, and Plaintiff's negligence claim fails as a matter of law.

## B.  **There is no proximate causation as a matter of law**

"Proximate causation is defined as a wrongful act which was a substantial factor in bringing about the plaintiff's harm." *Dudley v. USX Corp.*, 174, 606 A.2d 916, 923 (Pa. Super. 1992). There is no proximate cause "where the causal chain of events resulting in plaintiff's injury is so remote as to appear highly extraordinary that the conduct could have brought about the harm." *Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1286–87 (Pa. Super. 2005). The question of proximate cause is a question of law to be determined by the Court. *Id*.

Here, Plaintiff's negligence claim against Kel-Tec is based on its purported failure to control the business practices of Rural King to ensure it had "adequate policies against straw purchases" and that "guns were being sold to consumers in a safe manner." Compl. ¶¶ 127-139. Even accepting these allegations as true (they are not), they cannot establish that any act or omission by Kel-Tec was a substantial factor in bringing about the shooting of Mr. Parks. Rather, Plaintiff's murder clearly resulted from a series of independent, superseding acts—including both the alleged unlawful straw purchase of a firearm in violation of federal law by Ms. Parks, and the premeditated murder of Mr. Parks by Michaelis. *Kote v. Bank of New York Mellon for Certificateholders CWABS, Inc.*, 169 A.3d 1103, 1112 (Pa. Super. 2017) ("the unknown third party's criminal acts were a superseding cause unrelated" to the defendant's alleged actions).

Such attenuated and indirect connections are insufficient to establish proximate cause. *See e.g., Beretta U.S.A. Corp.*, 277 F.3d at 424 (finding no proximate causation between firearm

manufacturer's conduct and crimes committed by third parties who acquired firearms through unlawful straw purchases from retailers); *See also Dudley*, 174, 606 A.2d at 923 ("the causal chain of events leading up to Mr. Dudley's death is too remote to conclude that the alleged actions of these additional defendants were a substantial factor in bringing about Mr. Dudley's death"); *see also Lux*, 887 A.2d at 1288 ("[i]t appears highly extraordinary that Appellee fleeing from the scene could have caused Knight, who also fell asleep at the wheel, to collide with Appellant's vehicle and ultimately result in Appellant's injuries"). The purported failure to implement or enforce unspecified policies governing a separate entity's sales practices is far too remote from the shooting of Mr. Parks to constitute a substantial factor in bringing it about. *Id*. Accordingly, Plaintiff's negligence claim against Kel-Tec should be dismissed for the separate and independent reason that there is no proximate cause as a matter of law.

## CONCLUSION

For the above reasons, Defendant Kel-Tec CNC Industries, Inc. respectfully requests that this Court grant this Motion and dismiss Plaintiff's Complaint in its entirety with prejudice because (1) Plaintiff's claims are barred by PLCAA; (2) Kel-Tec owed no legal duty to Mr. Parks as a matter of law; and (3) there is no proximate cause as a matter of law, together with such other relief as it deems just and proper.

Respectfully Submitted,

Date: May 26, 2026          By:     */s/ Darren M. Newberry*
                                    Darren M. Newberry, Esq.
                                    **MARSHALL DENNEHEY P.C.**
                                    Union Trust Building
                                    501 Grant St., Suite 700
                                    Pittsburgh, PA 15219
                                    Telephone: (412) 803-1140
                                    Facsimile:  (412) 803-1188

10

– and –

Christopher Renzulli, Esq. (*pro hac vice* to be filed)
Howard Schilsky, Esq. (*pro hac vice* to be filed)
**RENZULLI LAW FIRM, LLP**
One Broadway, Suite 1005
White Plains, NY 10601
Telephone: (914) 285-0700
Facsimile:  (914) 285-1213

*Attorneys for Defendant Kel-Tec CNC Industries, Inc. d/b/a Kel-Tec CNC, Inc. and Kel-Tec*

## CERTIFICATE OF COMPLIANCE WITH THE COURT'S ORDER ON 12(b) MOTIONS OF APRIL 22, 2026 AND THE COURT'S INTERIM STANDING ORDER SUBSECTION F.

Counsel certifies that they have complied with this Court's Order regarding 12(b) motions (ECF Doc. 6) by making a good faith effort to confer with Plaintiff's counsel to determine whether this motion could be avoided. Following a meet and confer conference with Plaintiff's counsel it was determined that this motion could not be avoided.

Submitted by:  Darren M. Newberry

Signature:   /s/*Darren M. Newberry*