UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODI LYNN PARKS, | CIVIL ACTION |
| Plaintiff, | CASE NO. 3:26-cv-00712 |
| v. | HON. STEPHANIE L. HAINES |
| RK HOLDINGS, LLP,<br>RURAL KING HOLDINGS, LLP,<br>RURAL KING,<br>RURAL KING SUPPLY,<br>RK TRACTORS, LLC,<br>RK TALENT,<br>RK GUNS,<br>RK INTERNET, LLC<br>RURAL KING REALTY LLC,<br>RK REAL ESTATE & DEVELOPMENT,<br>CLEARFIELD RURAL KING SUPPLY,<br>INC.,<br>RURAL KING GUNS – CLEARFIELD,<br>RURAL KING ADMINISTRATION, INC.,<br>RURAL KING FARM HOME STORE<br>RURAL KING C, INC.<br>And<br>KEL-TEC CNC INDUSTRIES INC.<br>KEL-TEC CNC INC.<br>KELTEC<br>And<br>DANIELLE PARKS<br>And<br>BRYAN MICHAELIS<br>    Defendants. | |

**BRIEF IN SUPPORT**
**OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants, RK Holdings, LLP, Rural King Holdings, LLP, Rural King, Rural King Supply, RK Tractors, LLC, RK Talent, RK Guns, RK Internet, LLC, Rural King Realty, LLC, RK Real Estate & Development, Clearfield Rural King Supply, Inc., Rural King Guns – Clearfield, Rural King Administration, Inc., Rural King Farm and Home Store and Rural King C, Inc. (collectively "Rural King"), by and through undersigned counsel, submit this Brief in Support of Motion for Judgment on the Pleadings.

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

This case arises from the murder of Kodey Lee Parks by Bryan Michaelis and his accomplice Danielle Parks (wife of Kodey Lee). On February 23, 2024, Danielle Parks purchased a Kel-Tec model P17 semi-automatic pistol from Rural King's retail store in Clearfield, Pennsylvania. The next day, Bryan Michaelis used that pistol to shoot and kill Mr. Parks. Mr. Parks's mother and the executor of his estate brings negligence claims against the retail seller, Rural King, the gun manufacturer, Kel-Tec, and the individual defendants, Michaelis and Parks. Judgment on the pleadings is appropriate for three separate reasons.

First, the Protection of Lawful Commerce in Arms Act (PLCAA), 119 Stat. 2095, 15 U.S.C. §§ 7901–7903, (2005) bars lawsuits like this one against manufacturers and sellers of firearms. Congress enacted the statute in response to a spate of litigation trying to hold gun companies liable in tort for harms "caused by the misuse of firearms by third parties, including criminals." §7901(a)(3) ("Findings" section). To curb such suits, PLCAA provides that a "qualified civil liability action," as defined in the Act, "may not be brought in any Federal or State court." §7902(a). The Act's definition of that term includes a "civil action or proceeding" against

1

a firearms manufacturer or seller stemming from "the criminal or unlawful misuse" of a firearm by "a third party." § 7903(5)(A). The Pennsylvania Supreme Court recently confirmed the constitutionality of PLCAA and its applicability to bar claims like the ones asserted here in *Gustafson v. Springfield, Inc.*, 333 A.3d 651, 658 (Pa. 2025). *Gustafson* is further confirmation that Plaintiff's negligence claims are barred by PLCAA.

Second, Plaintiff's claims against Rural King fail for the additional and separate reason that Rural King owed no legal duty to Mr. Parks. In Pennsylvania, there is no duty to protect individuals from the unforeseeable criminal acts of third parties absent a special relationship. No such special relationship existed here. Rural King therefore did not owe Mr. Parks a legal duty as a matter of law.

Third, Plaintiff cannot establish proximate causation as a matter of law. There is no basis to conclude based on the allegations in the Complaint that Rural King's conduct was a substantial factor in bringing about the murder of Mr. Parks. Plaintiff's negligence claim fails for this independent reason.

Accordingly, judgment on the pleadings should be entered in favor of Rural King and against Plaintiff, with prejudice.

## II.     FACTS AS PLEAD IN THE COMPLAINT

Kel-Tec manufactured and sold a model P-17 semi-automatic pistol ("Subject Pistol"). Compl. ¶¶ 81; 94. The Subject Pistol was acquired by Rural King, a retail store located at 260 Plaza Drive, Clearfield, PA. Id. ¶¶ 78; 94. Rural King sold the Subject Pistol to Danielle Parks on February 23, 2024. Id. ¶¶ 78; 81. The next day, on February 24, 2024, Michaelis used the Subject Pistol to shoot and kill Mr. Parks. Id. ¶85. Ms. Parks "was also present during the murder of Mr.

Parks." Id. ¶ 86. Based on these factual allegations, Plaintiff brought a wrongful death and survival action against Rural King, alleging it was negligent in failing to prevent the sale of the Subject Pistol to Danielle Parks for use by Bryan Michaelis. Compl. ¶¶ 109-123.

## III.    STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). In considering a motion for judgment on the pleadings, courts employ the same standard as that applied to a motion to dismiss under FED. R. CIV. P. 12(b)(6). Therefore, a claim must be dismissed unless it pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A motion for judgment on the pleadings:

> [S]hould only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.

*Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (quotation omitted). "A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." *Id.* (citation omitted).

## IV.    ARGUMENT

### A.    PLCAA Bars Plaintiff's Claims

PLCAA provides that a "qualified civil liability action" may not be brought in any federal or state court. 15 U.S.C. § 7902(a). A "qualified civil liability action" is "a civil action or

3

proceeding . . . brought by any person against a . . . seller of a qualified product . . . for damages, punitive damages, injunctive or declaratory relief, abatement, restitution, fines, or penalties, or other relief, resulting from the . . . unlawful misuse of a qualified product by the person or a third party." 15 U.S.C. § 7903(5)(A). This case is a "qualified civil liability action" because it is a proceeding for money damages brought against the seller of the Subject Pistol, which is a "qualified product," resulting from the criminal use of the pistol by third-party Michaelis. Thus, PLCAA prohibits this case from being "brought in any Federal or State court." 15 U.S.C. § 7903(5)(A).

Plaintiff asserts a single general negligence claim against Rural King for the sale of the pistol. *See* Compl. ¶¶ 109-123. PLCAA prohibits any claims brought under a general negligence theory. *Gustafson*, 333 A.3d at 666; *See also Ileto v. Glock, Inc.*, 565 F.3d 1126, 1135 (9th Cir. 2009) (PLCAA bars general negligence claims); *Delana v. CED Sales, Inc.,* 486 S.W.3d 316, 322 (Mo. 2016) ("PLCAA expressly preempts all general negligence actions seeking damages resulting from the criminal or unlawful use of a firearm"); *Estate of Kim ex rel. Alexander v. Coxe*, 295 P.3d 380, 386 (Alaska 2013) (holding there is no exception to PLCAA for general negligence claims).

Across the nation, both state and federal courts have held that PLCAA preempts common law claims, such as general tort theories of liability like negligence, nuisance, and product liability claims. *See, e.g., Ileto v. Glock, Inc.*, 565 F.3d 1126, 1135 (9th Cir. 2009) (citations omitted), *cert. denied*, 560 U.S. 924 (2010); *Phillips v. Lucky Gunner, LLC*, 84 F.Supp.3d 1216, 1224 (D. Colo. 2015); *Jefferies v. District of Columbia*, 916 F.Supp.2d 42, 46 (D. D.C. 2013); *Travieso v. Glock Inc.*, No. CV-20-00523-PHX-SMB, 2021 WL 913746, at *6 (D. Ariz. Mar. 20, 2021); *Prescott v.*

*Slide Fire Solutions, LP*, 410 F.Supp.3d 1123, 1132 (D. Nev. 2019); *Estate of Kim ex rel. Alexander v. Coxe*, 295 P.3d 380, 386 (Alaska 2013).

Here in Pennsylvania the Supreme Court recently confirmed PLCAA and its use to bar state court claims like those asserted in this case. In 2025, the Supreme Court of Pennsylvania confirmed the constitutionality of PLCAA, finding it "is a valid exercise of Congress's Commerce Clause authority," and rejecting arguments that it violates the Tenth Amendment or principles of federalism. *Gustafson*, 333 A.3d 651, 683 (holding PLCAA is constitutional and applicable to bar the plaintiff's claims).

PLCAA provides for six narrow exceptions to the definition of a prohibited "qualified civil liability action," including (1) claims for negligent entrustment and negligence per se, (2) claims for breach of contract or warranty, (3) claims based on defective products when "not caused by a volitional act that constituted a criminal offense," and (4) claims based on knowing violations of statutes "applicable to the sale or marketing of the product," where "the violation was a proximate cause of the harm for which relief is sought." 15 U.S.C. §§ 7903(5)(A)(i)-(vi). None of these exceptions are pleaded or apply here.

Accordingly, PLCAA bars the claims that Plaintiff has pleaded against Rural King, so judgment on the pleadings is appropriate on that basis.

### B.    Rural King Owed No Legal Duty to Decedent to Prevent Criminal Conduct

Plaintiff's negligence claim against Rural King should be dismissed for the additional reason that it owed no legal duty to protect Mr. Parks from criminal conduct.

"As a general rule, there is no duty to control the conduct of a third party to protect another from harm." *Emerich v. Philadelphia Ctr. for Hum. Dev., Inc.*, 720 A.2d 1032, 1036 (Pa. 1998);

*Feld v. Merriam*, 485 A.2d 742, 746 (Pa. 1984) (the "traditional rule [is] that a person cannot be liable for the criminal acts of third parties"); *Ritz v. Ramsay*, 305 A.3d 1056, 1061 (Pa. Super 2023) (same). It follows that Rural King owed no duty to protect Mr. Parks from Michaelis's criminal conduct. *See, e.g.*, *City of Philadelphia v. Beretta U.S.A. Corp.*, 277 F.3d 415, 425 (3d Cir. 2002) ("gun sellers are under no legal duty to protect citizens from the deliberate and unlawful use of their products").

Though Pennsylvania law "recogniz[es] such a duty in limited circumstances where a special relationship exists," no special relationship exists here. *Ritz*, 305 A.3d at 1061. The categories of special relationship where a duty may be imposed include: "a parent's duty to control a child; a master's duty to control a servant; a possessor of land's duty to control a licensee; and the duty of those in charge of individuals with dangerous propensities to control those individuals." Id. (citing *Brisbine v. Outside In Sch. of Experiential Educ., Inc.*, 799 A.2d 89, 93 (Pa. Super. 2002). The Complaint does not allege facts to support the existence of any such special relationship. Thus, the negligence claim against Rural King fails as a matter of law.

## C.    There is No Proximate Cause

There is no proximate cause "where the causal chain of events resulting in plaintiff's injury is so remote as to appear highly extraordinary that the conduct could have brought about the harm." *Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1286–87 (Pa. Super. 2005). The question of proximate cause is a question of law to be determined by the Court. *Id.*

The murder here clearly resulted from a series of independent, superseding acts, including criminal acts, and the premeditated murder of Mr. Parks by Michaelis and Ms. Parks.  In *Kote v. Bank of New York Mellon for Certificateholders CWABS, Inc.*, 169 A.3d 1103 (Pa. Super. 2017),

6

the court found that "the unknown third party's criminal acts were a superseding cause unrelated" to the defendant's alleged actions. *Id.* at 1112.

Attenuated and indirect connections are insufficient to establish proximate cause. *See e.g.*, *Beretta U.S.A. Corp.*, 277 F.3d at 424 (finding no proximate causation between firearm manufacturer's conduct and crimes committed by third parties who acquired firearms through unlawful straw purchases from retailers*); See also Dudley v. USX Corp., 174, 606 A.2d 916, 923 (Pa. Super. 1992)* (holding "the causal chain of events leading up to Mr. Dudley's death is too remote to conclude that the alleged actions of these additional defendants were a substantial factor in bringing about Mr. Dudley's death"); *see also Lux*, 887 A.2d at 1288 ("[i]t appears highly extraordinary that Appellee fleeing from the scene could have caused Knight, who also fell asleep at the wheel, to collide with Appellant's vehicle and ultimately result in Appellant's injuries"). The pleading of Rural King's sales practices is far too remote from the shooting of Mr. Parks to constitute a substantial factor in bringing it about. Accordingly, Plaintiff's claim of negligence against Rural King should be dismissed for the separate and independent reason that there is no proximate cause as a matter of law.

## V.    CONCLUSION

For the above reasons, Rural King respectfully requests that this Court enter judgment on the pleadings in favor of Rural King and against Plaintiff, with prejudice, because: (1) Plaintiff's claims are barred by PLCAA; (2) Rural King owed no legal duty to Mr. Parks as a matter of law; and (3) there is no proximate cause as a matter of law.

Respectfully submitted,

FBT GIBBONS LLP

*s/ Kevin C. Harkins*
Kevin C. Harkins (#59915)

Union Trust Building
501 Grant Street, Suite 800
Pittsburgh, PA 15219
kharkins@fbtgibbons.com

*Counsel for Defendants,*
*RK Holdings, LLP, Rural King Holdings, LLP, Rural King, Rural King Supply, RK Tractors, LLC, RK Talent, RK Guns, RK Internet, LLC, Rural King Realty, LLC, RK Real Estate & Development, Clearfield Rural King Supply, Inc., Rural King Guns – Clearfield, Rural King Administration, Inc., Rural King Farm and Home Store and Rural King C, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>11th</u> day of June, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, and have served a copy of the foregoing and the notice of electronic filing by first class U.S. Mail, postage prepaid, upon the following:

David J. Langsam, Esq.
Benjamin J. Baer, Esq.
Robert G. Devine, Jr., Esq.
Injury Law Partners
1628 JFK Boulevard, Suite 1302
Philadelphia, PA 19103
rdevine@injurylawpartners.com
dlangsam@injurylawpartners.com
bbaer@injurylawpartners.com

*Counsel for Plaintiffs*

Kel-Tec CNC Industries Inc.
1505 Cox Road
Cocoa, FL 32926

Kel-Tec CNC Inc.
1505 Cox Road
Cocoa, FL 32926

KelTec
1505 Cox Road
Cocoa, FL 32926

Danielle Parks
Inmate Number PE8203
State Correctional Institution Muncy
6454 State Road 405
Muncy, PA 17756

Bryan Michaelis
Inmate Number QR1631
State Correctional Institution Fayette
50 Overlook Drive
La Belle, PA 15450

*s/ Kevin C. Harkins*
Kevin C. Harkins

10